SAM TAYLOR, Judge.
Appellant Terry Burnett was convicted of possession of marijuana and, with one prior felony conviction, sentenced to six years’ imprisonment in the penitentiary.
I
On this appeal, he first contends that the court erred in denying a motion for mistrial on the basis of the following:
“Tell us, if you would, what you observed prior to obtaining that search warrant on the night of September the twenty-fourth.
“MR. PRESTWOOD: Now, we object if the Court please, unless the question is directed towards one or the other of the two places allegedly to be searched?
“Q Okay, his residence is on Cadiz Street?
“A At nine P.M. on the twenty-fourth of September, I had a confidential informant—
“MR. PRESTWOOD: Wait just a minute, we object to this if the Court please.
“THE COURT: His question was, what did you observe?
“A I observed my confidential informant go to Mr. Burnette’s residence and make a purchase.
“MR. PRESTWOOD: We object unless he is going to identify this person.
“THE COURT: Overruled.
“Q Go ahead.
“MR. PRESTWOOD: Wait just a minute, and we further object at this time and move for a mistrial. This witness is the main witness for the State, has come in here and said that he observed this confidential informant make a purchase, and that is absolutely inadmissible, it’s a conclusion and it’s an invasion of the province of the jury.
“THE COURT: Ladies and gentlemen of the jury, this last statement about observing a confidential informant making a purchase would be excluded from your consideration. At this time, I would like to start back on the back row back there and ask if there is any juror that could *373 not exclude that from their mind and make a fair and impartial verdict based on the other evidence to be submitted ... you feel that you could exclude that from your minds.... (At which time the court polled the jury and each individual juror answered in the affirmative.)
“THE COURT: Anybody feel they could not, please hold up your hand.... I will overrule it and overrule the motion for a mistrial.”
Counsel for the appellant contends that the court allowed such testimony after “overruling a timely objection by defense counsel_” It is apparent from the transcript that the answer regarding the confidential informant’s making a purchase could not have been anticipated by the court. The first objection came to the answer and even then the objection was conditioned on whether the witness identified the confidential informant. The counsel for appellant then registered a general objection and made his motion for a mistrial. The court moved swiftly to instruct the jury to disregard the extraneous matter and to poll the jury on the question of whether or not they felt they could disregard such matter.
Prompt action of this nature by the court to prevent a possible mistrial is to be commended. Hoyett v. State, 441 So.2d 1063 (Ala.Cr.App.1983). Granting a mistrial is an extreme measure. The court’s determination that its actions have provided the antidote to the testimony must be given great weight. The court did not abuse its discretion. See Perry v. State, 371 So.2d 969 (Ala.Cr.App.), cert. denied, 371 So.2d 971 (Ala.1979).
II
Appellant next contends that there was a failure by the state to demonstrate a complete chain of custody as to three exhibits. The state’s evidence tended to show that the Alabama Bureau of Investigation secured a search warrant to search both the business and the residence of the appellant. Investigators first went to Right-On Fashions, appellant’s place of business. There they found one plastic bag of plant material believed to be marijuana. They then arrested the appellant and advised him of his Miranda rights. A search of the appellant’s vehicle outside his business turned up a “roach clip”. On the way to appellant’s residence, appellant offered to give the officers all the marijuana he had if they would not search his house. This offer was refused and the search proceeded. A shoe box containing residue was found in a bedroom; an envelope in a back room chest of drawers was found to contain what appeared to be marijuana; an envelope under a pile of clothing, in a bedroom, was found to contain what appeared to be marijuana; a match box was found which contained what appeared to be marijuana seeds; a plastic bag containing green leafy material appearing to be marijuana was found in the base of a lamp. The plastic bag found at the Right-On Fashions and the bag of material found in the base of the lamp were not offered at trial because they disappeared from the evidence box in the course of the search of appellant’s residence.
Appellant attacks the introduction of the other three quantities of the marijuana found on the basis of “chain of custody.” Investigator Mobley testified to the discovery of the marijuana. Sergeant Williamson also testified to the discovery of the marijuana labeled as state’s exhibit 2 and state’s exhibit 5. Deputy Sheriff White testified as to finding state’s exhibit 3. Sergeant Williamson, the evidence technician, was present when each item was found and he marked each such item. The items were then placed in the shoe box, everything was then turned over to Officer Mobley. Officer Mobley transported the seized items to the Alabama Department of Forensic Sciences, where he turned them over to Mr. Charlie Brooks. Mr. Brooks gave the seized evidence to Mr. Joe Saloom, a drug analyist with the department. Sa-loom testified to receiving and analyzing the material in each-of the envelopes and making a positive determination that it was marijuana. He also testified that the ex *374 hibits were in substantially the same condition as they were when delivered to him by Mr. Brooks. Exhibits 2 through 5 were offered into evidence by the state.
Appellant contends that there was a fatal break in the chain of custody because of the disappearance of the other two plastic bags. The disappearance of these two items of evidence were attributed by the investigators to distractions generated by the appellant and the other occupants of his house. Our court has held heretofore that the fact that one piece of evidence is missing does not prove a break in the chain of custody as to some other piece of evidence. In Murrell v. State, 377 So.2d 1102 (Ala.Cr.App.), cert. denied, 377 So.2d 1108 (Ala.1979), an envelope containing evidence labeled “one lead bullet and one small part of a gun” was produced. The lead bullet was missing from the envelope. The court stated, however, that in regard to admissibility of the piece of the gun, “There is no indication that the cylinder switch or other state’s evidence contained in the sealed package had been tampered with in any way other than the fact that an item of evidence listed as being contained in the envelope was not present.” We find there was more than a reasonable probability that numbered state’s exhibits referred to above were the same things and in substantially the same condition as they were at the commencement of the chain of custody. This is all that is required of the offering party in this regard. In light of our finding on this issue, appellant’s contention regarding failure to make out a prima facie case must also be rejected.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.