The appellant was arrested and charged with possession of marijuana. He was separately indicted and his case was later consolidated with that of Calvin White. A jury found the appellant guilty, and he was sentenced to eleven years' imprisonment.
On February 29, 1984, Investigator Herring, working undercover for the Alabama Bureau of Investigation, was sent to purchase marijuana from a known drug dealer. As he was entering the drug dealer's house to make the purchase, Herring saw the appellant and Calvin White come out of the house. One of them was carrying a brown paper sack, but Herring did not remember whether it was the appellant or White. The two men then got into a car that Investigator Herring thought was a light blue or green Ford Torino. Herring then went inside the house and made a drug purchase. The marijuana was placed inside a brown paper sack similar to the one that White and the appellant had in their possession.
As Herring was driving back to the local state trooper headquarters in an unmarked police car, he noticed the Ford Torino speed past him. He immediately radioed his back up officers, who were following him in an unmarked Chevrolet Blazer vehicle, and informed them that the Ford Torino had just passed him traveling at a high rate of speed. Herring also informed the officers that he suspected that the occupants of the car might have drugs in their possession. The officers radioed headquarters that they needed a marked police car to help stop a Ford Torino. A few minutes later, a marked state trooper car arrived and the appellant's car was pulled over. One of the officers in the Blazer testified that he observed as a brown paper bag was thrown from the passenger side of the appellant's car. The brown paper sack, containing marijuana, was discovered lying approximately five feet from the appellant's car.
 I
The appellant contends that the evidence against him was insufficient to sustain his conviction for possession of marijuana.
In order to find a defendant guilty of possession of a controlled substance, the state must establish that the accused was in either actual or constructive possession of the substance and that he knew of the presence of the substance.Jones v. State, 432 So.2d 5 (Ala.Cr.App. 1983). "Constructive possession can be shown where the controlled substance was found on the premises controlled by the defendant, and guilty knowledge may be established by the surrounding facts and circumstances." Whitehead v. State, 429 So.2d 641, 643
(Ala.Cr.App. 1982). Appellant contends that he was merely present in the automobile from which the illegal drug was thrown and denies all the other evidence of connection with the substance. In this regard the appellant contends that it was his passenger, Calvin White, that the police saw toss the sack out the window. The driver of an automobile is generally *Page 538 
considered to be in control of it. An inference of constructive possession, therefore, exists. The fact that the marijuana was not found in the vehicle does not affect the validity of this inference so long as the substance was seen being thrown from a car under the appellant's control. Moreover, it has been held that "proximity to illegal drugs, presence on the property where they are located, or mere association with persons who do control drugs may be sufficient to support a finding of possession when accompanied with testimony connecting the accused with the incriminating circumstances." German v. State,429 So.2d 1138, 1142 (Ala.Cr.App. 1982). The jury had sufficient evidence from which to find the appellant had constructive possession of the marijuana.
The requisite guilty knowledge of the illegal drug may be proved by circumstantial evidence. Blaine v. State,366 So.2d 353 (Ala.Cr.App. 1978). Here, the fact that the appellant and White went to the home of a known drug dealer and were seen leaving the house together, holding a brown paper bag later found to contain marijuana, is powerful evidence that the appellant was aware of the presence of marijuana in the sack. "When the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown, along with any other incriminating evidence, the issue of the defendant's guilt should be submitted to the jury." Radke v. State, 292 Ala. 290, 292,293 So.2d 314, 316 (Ala. 1974). This court will not disturb a jury verdict on the grounds of insufficiency of the evidence unless the verdict is manifestly wrong. Sales v. State, 435 So.2d 242
(Ala.Cr.App. 1983). The evidence here was sufficient to support appellant's conviction for possession of marijuana.
 II
The appellant next argues that the trial court erred in refusing to exclude the marijuana that the police discovered in the paper sack. He asserts that because the arresting police officers lacked probable cause to stop his vehicle, the confiscated marijuana was "fruit of the poisonous tree" and should have been excluded.
The record indicates, however, that there did exist sufficient probable cause to stop appellant's automobile. Investigator Herring testified that the appellant was travelling in excess of the posted speed limit, in addition to being suspected of possessing marijuana. There are numerous cases holding that an officer may properly stop a vehicle which is violating a traffic law and that any contraband legally discovered as a result of that stop will be admissible. The appellant argues that since Investigator Herring, and not the arresting officers, observed the traffic violation, the radio dispatch to the arresting officers was not sufficient to givethem probable cause.
As we have stated in Shute v. State, 469 So.2d 670
(Ala.Cr.App. 1984):
 "The knowledge of one officer is imputed to another officer in the situation of a radio call directing a stop or arrest, in assessing whether or not probable cause existed. Parker v. State, 397 So.2d 199
(Ala.Crim.App.), cert. denied, 397 So.2d 203 (Ala. 1981); Robinson v. State, 361 So.2d 379
(Ala.Crim.App.), cert. denied, 361 So.2d 383 (Ala. 1978); Cook v. State, 56 Ala. App. 250, 254, 320 So.2d 764 (1975)."
 III
The appellant also maintains that the consolidation of his case with that of defendant White was improper because the state incorrectly titled its motion for consolidation as a "Motion for Joinder." A motion for joinder should be filed prior to indictment of the parties, while a motion for consolidation is filed after the parties have been separately indicted, and here, the state's motion was filed after the appellant and White were separately indicted. The circumstances indicate that the state argued, and the trial judge treated, the motion as one for consolidation. Error will not constitute reversible error unless it "has or probably has affected the *Page 539 
substantial rights of the appellant." A.R.A.P. 45 (a); Juliusv. State, 455 So.2d 975 (Ala.Cr.App.), aff'd, 455 So.2d 984
(Ala. 1980), cert. denied, ___ U.S. ___, 105 S.Ct. 817,83 L.Ed.2d 809 (1985). The question presented for review is whether the defect in the title of the motion was so prejudicial as to warrant reversal. We find that where the requirements of consolidation, as set forth in Rule 15.4 (b), Ala.Temp. Rules of Crim.Proc., have been complied with, the misidentification of the motion as a "Motion for Joinder" constitutes only harmless error.
The appellant also contends that Rule 15, Ala.Temp. Rules of Crim.Proc. is unconstitutional because both defendants together received only a one-for-one jury strike with the state. This issue has already been resolved against the appellant, however. In Holsemback v. State, 443 So.2d 1371, 1377 (Ala.Cr.App. 1983), this court stated, "A law changing the number of jury strikes in a criminal case is procedural and does not affect matters of substance." We held in that case that "the method of striking juries provided by Ala.Temp. Rules of Crim.Proc. 15.4 (b), where two or more persons are tried jointly, is a constitutional exercise of the rulemaking power of the Alabama Supreme Court." Id. 443 So.2d at 1377.
 IV
The appellant next contends that the trial court erred in denying his motion to dismiss the indictment. The possession charge against the appellant was treated as a felony. He had previously been convicted in a municipal court of possession of marijuana for personal use. The appellant, however, contends that the municipal court lacked jurisdiction to hear the case since marijuana possession, § 20-2-70, Code of Alabama 1975, is a felony statute. Consequently, appellant reasons, the earlier conviction was void and it cannot be used to upgrade the present charge to a felony.
Section 20-2-70 provides:
 "(a) Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away, obtains or attempts to obtain by fraud, deceit, misrepresentation or subterfuge or by the forgery or alteration of a prescription or written order or by the concealment of material fact or by use of false name or giving a false address controlled substances enumerated in schedules I, II, III, IV and V is guilty of a felony and, upon conviction, for the first offense may be imprisoned for not less than two nor more that 15 years and, in addition, may be fined not more than $25,000.00; provided, that any person who possesses any marijuana for his personal use only is guilty of a misdemeanor and, upon conviction of the offense, shall be imprisoned in the county jail for not more than one year, and in addition, shall be fined not more than $1,000.00; provided further, that the penalties for the subsequent offenses relating to possession of marijuana shall be the same as specified in the first sentence of this subsection." (Emphasis supplied.)
We have held many times that the emphasized provision is a matter of defense, although it is possible for an accused to be charged only with possession for personal use. It is without question that municipal courts have original jurisdiction over misdemeanor cases. Code of Alabama 1975, § 12-14-1 (c). If the earlier complaint for marijuana possession merely charged the appellant with possession of marijuana for personal use, then such a charge would have been within the jurisdiction of the municipal court. If, on the other hand, the complaint charged the appellant with possession of marijuana without referring to personal use, then it charges a felony and a municipal court would lack jurisdiction. The record in this case does not include the municipal court complaint. The appellant bears the burden of bringing a complete record before the appellate court. Welch v. State, 455 So.2d 299 (Ala.Cr.App. 1984). This court is limited in its review to matters within the record.Cranmore v. State, 439 So.2d 1367 (Ala.Cr.App. 1983). The record does not contain the municipal *Page 540 
court complaint, nor indicate in any way its content. From a silent record, we are not justified in assuming error. The motion to dismiss the indictment was properly denied.
The judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur.