Lamar Brown petitioned this Court for a writ of certiorari to review the Court of Criminal Appeals' judgment, which affirmed the Lee County Circuit Court's judgment accepting the jury's guilty verdict. We granted the petition for writ of certiorari, and we reverse the judgment of the Court of Criminal Appeals.
The facts are summarized as follows:
Brown was indicted for burglary in the first degree, which requires an entry into a dwelling with the intent to commit a felony while armed. The felony in this case was a rape or attempted rape. Evidence was offered to show that Brown possessed a long knife upon entering the dwelling.
On September 29, 1986, 14-year-old Tonya Ray Vernell and her three sisters encountered a man in their home who, she testified, was wearing a black silk shirt and some "Lee" jeans, beige or burgundy in color. She said that the man threatened to kill her and her sisters and demanded that she take off her clothes. She escaped, along with her sisters, to a neighbor's house, where the police were called. Tonya gave the police a description of the man on the night of the crime. Approximately one hour after the commission of the crime, Tonya identified Brown as the attacker based on a photo line-up.
During the trial, the defendant moved for a mistrial based on the State's offering of the defendant's pants, shirt, and birth certificate, which had not been shown to the defendant before trial in response to his discovery motions. The pants admitted at trial did not bear the label "Lee," but rather bore the label "Calvin Klein."
We address only one issue on appeal. That issue is whether the trial court *Page 994 
erred in not granting defendant's motion for a new trial based on the State's noncompliance with the trial court's discovery order. The United States Supreme Court has held in Brady v.Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny that the prosecution's suppression of evidence that is favorable to the accused violates due process when that evidence is material either to guilt or punishment. We have implemented the mandate of Brady, supra, in Rule 18.1 A.R.Crim.P., which provides in pertinent part:
 "(c) Documents and Tangible Objects. Upon motion of the defendant the court shall order the district attorney to permit the defendant to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, controlled substances, buildings or places, or portions of any of these things, which are within the possession, custody, or control of the state and:
 "(1) Which are material to the preparation of his defense; provided, however, the defendant shall not be permitted to discover or inspect reports, memoranda, witness lists, or other internal state documents made by the district attorney or his agents, or by law enforcement agents, in connection with the investigation or prosecution of the case, or statements made by state witnesses or prospective state witnesses;
 "(2) Which are intended for use by the state as evidence at the trial; or
 "(3) Which were obtained from or belong to the defendant.
 "The court shall impose such conditions or qualifications as may be necessary to protect the chain of custody of evidence, or the attorney's, law enforcement officer's, or investigator's work product, or to prevent loss or destruction of such documents or objects."
This Court has held in Ex parte Kennedy, 472 So.2d 1106 (Ala. 1985), cert. den., Kennedy v. Alabama, 474 U.S. 975,106 S.Ct. 340, 88 L.Ed.2d 325 (1985), that a defendant must demonstrate, first, that the State suppressed the evidence, and, second, that the evidence suppressed was favorable to the defendant or exculpatory, and, finally, that the evidence was material. We have further held that exculpatory evidence, regardless of its trustworthiness or admissibility, should be disclosed, and, if it is not disclosed, that defendant's motion for a new trial should be granted. Ex parte Kimberly, 463 So.2d 1109 (Ala. 1984). Defendant in the instant case filed a discovery motion that requested disclosure of the following:
 "(1) All statements by the Defendant and all co-defendants, both written, oral, and recorded, (2) Pictures of the scene, (3) Accident and/or investigation reports, (4) Statements by witnesses expected to testify in the above styled case, (5) Pictures used in any physical examinations or scientific tests or experiments, (7) Any and all exculpatory statements, exhibits or evidence, (8) Any tangible evidence expected to be introduced at trial, (9) Defendant desires a direct order to the Plaintiff in this case that the Defendant be allowed to inspect all clothing, jewelry, and the wallet and all of its contents, as well as, items retrieved from the pockets of the Defendant at the time he was arrested. Defendant further requests that he be allowed to photocopy any documents in the possession of the Plaintiff [sic] which were taken from the person of the Defendant or out of his vehicle at the time of the arrest, (10) Defendant further requests an opportunity to inspect the motor vehicle of the Defendant and all of its contents."
The trial court granted this motion and ordered the following:
 "1. That the District Attorney is hereby ordered to permit the Defendant's attorney to inspect, obtain, copy, analyze, photograph or examine any statements, books, papers, documents, reports, photographs, tangible objects, controlled substances, buildings or places, or portions of any of these, which are discoverable by the Defendant under Rule 18.1 of the Alabama Rules of Criminal Procedure, Temporary Rules.
 "2. That it shall be the duty of the Defendant's attorney to immediately contact *Page 995 
the District Attorney for the time and method for effectuating the discovery granted hereunder.
 "3. That the District Attorney shall be under a continuing duty to disclose as provided under Rule 18.3 of the said rules.
 "4. That should the District Attorney fail, refuse or neglect to make disclosure as ordered hereunder, then this case shall be subject to being continued or dismissed upon motion of the Defendant."
All parties admit that defendant was not shown all of the evidence ordered by the Court.
The facts herein satisfy the requirements of theKennedy, supra, test, i.e., the State suppressed the physical evidence in this case, and one piece of the evidence could have been favorable to the defendant, i.e., the pants were not the same brand identified by the prosecutrix. The nondisclosure of the evidence in this case is also material, because the pants went to the impeaching of the testimony of the prosecutrix. Although the requirements of Kennedy were met, the State argues that the defendant was furnished the pants during the trial with sufficient time for him to engage the prosecutrix in effective cross-examination. We hold, however, that where defendant has timely requested the production of exculpatory evidence that is material to his defense and the trial judge has ordered that such evidence be produced, Brady, supra, and Rule 18.1 A.R.Crim.P., require that the evidence be produced at a reasonable time before trial.
For the foregoing reasons, the judgment is due to be, and it hereby is, reversed, and the case is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, HOUSTON and KENNEDY, JJ., concur.