BOWEN, Judge,
dissenting.
The majority affirms without opinion because “this appellant’s issues lack legal merit.” However, only one issue is raised on appeal, and, in my opinion, that issue warrants, at the very least, the remand of this cause for an evidentiary hearing.
The record shows that defense counsel filed a motion for new trial alleging a violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Supporting that motion is the affidavit of R.T., the victim’s mother, which states, in substance, that two weeks before trial R.T. informed J.W. Hicks, identified in brief as the district attorney’s victim relations officer, Appellant’s brief at 3, that the victim had recanted her earlier account of the crime. That affidavit is not contradicted. While the record does not show that the prosecutor had knowledge prior to trial of the existence of this recantation, it appears that he should have.
[Wjhere [a] defendant has timely requested the production of exculpatory evidence that is material to his defense and the trial judge has ordered that such evidence be produced, Brady and Rule 18.1, A.R.Crim.P., require that the evidence be produced at a reasonable time before trial.” Ex parte Brown, 548 So.2d 993, 995 (Ala.1989).
I would remand this cause for an eviden-tiary hearing on the merits of the alleged nonproduction of exculpatory and impeaching evidence.