Michael E. Cammon was convicted of sexual abuse in the first degree, a violation of Ala. Code 1975, § 13A-6-66, and was sentenced to 10 years in the state penitentiary. The victim was his daughter. Cammon filed a motion for new trial, but it was denied by the trial court. The Court of Criminal Appeals, with Judge Bowen dissenting, affirmed Cammon's conviction on May 11, 1990, and on June 15, 1990, denied his application for rehearing. 578 So.2d 1089.
In support of his motion for new trial, Cammon had offered an affidavit from his former wife, Rita Turney. In that affidavit Turney stated that the child, about a week or two before trial, had recanted her earlier statement accusing Cammon and instead accused her uncle. Turney's affidavit went on to say that Turney then informed J. W. Hicks, a victim relations officer, of the recantation. The new trial motion alleged that the State had failed to disclose to Cammon exculpatory evidence — i.e., the daughter's recantation. The record is devoid of any response by the State to Cammon's motion.
This Court issued the writ of certiorari in order to review the question of the State's alleged failure to produce the exculpatory statement.
In April 1989, Turney filed a complaint with the Cullman County district attorney alleging that Cammon had sexually abused their six-year-old daughter. On August 10, 1989, a Cullman County grand jury indicted Cammon for first degree sexual abuse, and on August 28, 1989, the trial court entered a discovery order mandating the following:
 "Nothing in this order shall be construed to limit the discovery of exculpatory material or other material to which a defendant is entitled under constitutional provisions or other provisions of law.
 "Any and all material in the possession of the prosecution, or which through due diligence may be learned by the state which might exculpate the defendant, negate the charges against him, lead to reasonable doubt about his guilt, shall be made available to defendant. This includes, but [is] not limited to, promises or agreements as to treatment afforded state witnesses, information having to do with witnesses' incorrect identification, [and] results of scientific, physical, or medical tests which might exculpate the defendant.
 "There is a continuing duty to disclose any additional evidence . . . which . . . has been the subject of discovery under this order. . . ."
Turney's affidavit stated that about two weeks before Cammon's trial, the daughter *Page 1091 
recanted her earlier story and told Turney that it was not her father but someone else who had sexually abused her. Turney's affidavit says that she informed the victim relations officer for the Cullman County district attorney, of the child's recantation of her earlier statement.
In Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963), the United States Supreme Court enunciated the applicable standard for determining if a new trial is warranted because of the prosecution's suppression of exculpatory evidence:
 "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."
373 U.S. at 87, 83 S.Ct. at 1196. Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different," and "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375,87 L.Ed.2d 481 (1985). See also, Ex parte Dickerson,517 So.2d 628 (Ala. 1987).
In order to establish a Brady violation, Cammon must establish: 1) that the prosecution suppressed the evidence (here the alleged statement of his daughter); 2) that the evidence was of a character favorable to his defense; and 3) that the evidence was material. Ex parte Brown,548 So.2d 993, 994 (Ala. 1989), citing Ex parte Kennedy,472 So.2d 1106 (Ala. 1985), cert. denied, Kennedy v.Alabama, 474 U.S. 975, 106 S.Ct. 340, 88 L.Ed.2d 325
(1985). There is no question that such a recantation and accusation of another would be both exculpatory and material; therefore, the second and third requirements have been satisfied. There is a question whether the prosecutor suppressed the information.
The record does not clearly show that the prosecutor had knowledge of the child's alleged recantation before trial, but the trial court's discovery order did require the State to make available any material that was in its possession or that through due diligence might be learned, that could exculpate Cammon, negate the charge against him, or lead to reasonable doubt about his guilt. It is true that underBrady the good faith of the prosecution in not disclosing information is irrelevant, 373 U.S. at 87,83 S.Ct. at 1196, but Brady does require that the information requested by a criminal defendant be known to the prosecution.United States v. Agurs, 427 U.S. 97, 103,96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976). Knowledge of requested information is presumed when the information is in the prosecutor's files, Agurs, 427 U.S. at 110,96 S.Ct. at 2400; Sexton v. State, 529 So.2d 1041, 1045
(Ala.Cr.App. 1988).
It is this lack of knowledge concerning who knew what — and when — that compels us to reverse the Court of Criminal Appeals' judgment and remand the case to that court with instructions to remand it to the trial court for an evidentiary hearing regarding the alleged nonproduction of exculpatory evidence.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.