ON REMAND FROM ALABAMA SUPREME COURT
TYSON, Judge.
On April 9, 1990, this court affirmed Cammon’s conviction of sexual abuse in the first degree in violation of § 13A-6-66, *1092 Code of Alabama 1975. He was sentenced to 10 years in the state penitentiary. The victim was his daughter.
The appellant had raised 4 issues on appeal. This court on May 25, 1990, overruled the application for rehearing, with Judge Bowen adhering to the dissent which he had issued on original deliverance. Cer-tiorari was filed in the Supreme Court of Alabama on June 29, 1990, and on February 15, 1991, that Court issued its opinion reversing this court’s affirmance and directing this court to remand this cause to the Circuit Court of Cullman County with instructions that an evidentiary hearing regarding the alleged nonproduction of exculpatory evidence be held. 578 So.2d 1089.
The Supreme Court’s opinion in Ex parte Cammon, 578 So.2d 1089 (Ala.1991), indicates that the record was not clear as to whether the prosecutor had knowledge of the child’s alleged recantation before trial, but there had been a discovery order by the trial court which required the State to make available any material which was in its possession or that, through diligence, might be learned which might exculpate Cammon or negate the charge against him or lead to reasonable doubt about his guilt.
In accordance • with Ex parte Cammon, supra, this cause is reversed and remanded for an evidentiary hearing.
REVERSED AND REMANDED FOR EVIDENTIARY HEARING.
All the Judges concur.