The appellant, Bruce Ivan Gray, was convicted of unlawful possession of marijuana in the first degree, a violation of § 13A-12-213, Code of Alabama 1975. After sentencing him to two years in prison, the court suspended this sentence and placed him on two years' probation. The appellant presents four issues on appeal.
 I
Initially, the appellant contends that the circuit court erred in denying his motion for judgment of acquittal, arguing that the state failed to prove 1) that he was in constructive possession of the marijuana and 2) that the marijuana was for "other than personal use."
The appellant was indicted under § 13A-12-213(a)(1), which states, in pertinent part, that "[a] person commits the crime of unlawful possession of marijuana in the first degree if . . . [h]e possesses marijuana for other than personal use."
The state's evidence tended to show that the appellant was arrested on June 6, 1991, for driving under the influence of alcohol on U.S. Highway 80 in Dallas County. Trooper Norbert Neely of the Alabama Department of Public Safety conducted a patdown search of the appellant upon arresting him, but did not search the front of his pants. When the appellant asked that he not be handcuffed in front of the little boy who was in his car, Neely complied and put him in the back seat of the patrol car with his hands unbound.
Neely then drove to the county jail, removed the appellant from the police car, and locked all of the car's doors. About an hour later, Neely went on routine traffic patrol, leaving the appellant in custody. While on patrol, he made no stops and went off duty nearly two hours after leaving the jail. At home, Neely found a small, balled-up, brown paper bag lying on top of an open box of supplies that was on the back floorboard of his patrol car. Looking inside the paper bag, Neely discovered a plastic bag that contained 13 baggies filled with marijuana.
At trial, Neely testified that, hours before arresting the appellant, he had inventoried his patrol car. At that time, the brown paper bag was not on the box in the back seat. Further, he stated that his car was locked until he went back on patrol and that he made no stops before pulling the appellant over.
When the state asserts constructive possession, as it does in this case, "possession may be established by an adequate showing of surrounding facts and circumstances." Franklin v.State, 437 So.2d 609, 611 (Ala.Cr.App. 1983). The state, to prove constructive possession, must show that the appellant had knowledge of the presence of the illegal substance. Bragg v.State, 536 So.2d 965 (Ala.Cr.App. 1988). Knowledge may be shown by circumstantial evidence. Dooley v. State, 575 So.2d 1191
(Ala.Cr.App. 1990); Korreckt v. State, 507 So.2d 558
(Ala.Cr.App. 1986). Once the state establishes the accused's presence at the scene and his knowledge of the presence of the contraband, the issue of constructive possession should be submitted to the jury. Desimer v. State, 535 So.2d 238
(Ala.Cr.App. 1988); German v. State, 429 So.2d 1138
(Ala.Cr.App. 1982).
After reviewing the facts as set out above, we find that the jury could have been convinced beyond a reasonable doubt that the marijuana in the back seat of the patrol car belonged to the appellant. Further, there is no evidence that the marijuana was for personal use only. Thus, the circuit court did not err in denying the appellant's motion for judgment of acquittal.
 II
The appellant next contends that the circuit court erred by denying his motion to dismiss, arguing that the state withheld exculpatory evidence. More specifically, the appellant contends that the brown paper bag, which the state failed to produce, was too large to have been concealed in his pants without detection. *Page 1079 
To establish a violation under Brady v. Maryland,373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the appellant must prove: (1) that the prosecution suppressed the evidence; (2) that the evidence was of a character favorable to his defense; and (3) that the evidence was material. Cammon v. State,578 So.2d 1089, 1091 (Ala. 1991); Smitherman v. State,521 So.2d 1050 (Ala.Cr.App. 1987), cert. denied, 521 So.2d 1062 (Ala. 1988).
At trial, Neely testified that, after discovering the brown paper bag, he put it back on top of the cardboard box and photographed it. Next, Neely laid the paper bag on the back seat and photographed it. Finally, Neely tore the wrinkled paper bag apart, removed the packets of marijuana from the plastic bag inside, spread them across the back seat of the car, and photographed them lying in front of the paper bag. The marijuana packets were then returned to the plastic bag. He did not try to keep them in the torn paper bag. It is not clear to us whether he threw the paper bag away.
"The term suppression 'means the non-disclosure of evidence that the prosecutor, and not the defense attorney, knew to be in existence.' " Donahoo v. State, 522 So.2d 887, 895
(Ala.Cr.App. 1989) (quoting Ogden v. Wolff, 522 F.2d 816, 820
(8th Cir. 1975), cert. denied, 427 U.S. 911, 96 S.Ct. 3198,49 L.Ed.2d 1203 (1976)). Prosecutors have no duty to disclose evidence available from another source. Hurst v. State,469 So.2d 720 (Ala.Cr.App. 1985). In this case, even though the state did not produce the paper bag at trial, they did introduce the photographs of it. Further, Neely was cross-examined in detail by appellant's counsel as to whether the appellant could have concealed the bag within the front of his pants. The appellant was not injured by the absence of the bag itself.
Based on these facts, there is no evidence that the paper bag was material, nor that it was favorable to the appellant's defense. See, e.g., Hurst, supra. Further, the unavailability of the brown paper bag did not affect the outcome of the trial. See, e.g., Raines v. State, 429 So.2d 1104 (Ala.Cr.App.), affirmed, 429 So.2d 1111 (Ala. 1982), cert. denied,460 U.S. 1103, 103 S.Ct. 1804, 76 L.Ed.2d 368 (1983). Thus, the circuit court did not err in denying the appellant's motion to dismiss.
 III
The appellant also contends that the circuit court erred by receiving into evidence the packets of marijuana found in the back of Trooper Neely's car, arguing that the state failed to establish a chain of custody for the marijuana.
There was no evidence that the evidence had been tampered with or altered in any way. A sealed envelope is adequate circumstantial evidence to establish the handling and safeguarding of the item to treat the evidence as authenticated. Ex parte Holton, 590 So.2d 918 (Ala. 1991).
In this case, Neely testified that, after photographing the marijuana packets on June 6, he returned them to the plastic bag. He then placed the plastic bag in a manila envelope, which he sealed with tape, initialed, and dated. Neely then locked the envelope containing the marijuana in his briefcase and kept it in his bedroom. At work the next day, he placed the sealed envelope into the evidence locker, where it remained until June 17. Arnold Mitchell of the Alabama Department of Forensic Sciences testified that, on June 17, Neely delivered to him the marijuana for analysis. The envelope was still sealed.
The circuit court did not err in receiving the marijuana into evidence because a sufficient chain was established.
 IV
Finally, the appellant argues that the state was guilty of prosecutorial misconduct by commenting on cocaine.
There does not appear to be any connection between the statement regarding cocaine and the facts of this case. During the state's closing argument, the appellant stated, "Your Honor, we object to [the state's] remark about cocaine being the most insideous [sic] evil known" (SR. 150). *Page 1080 
The record, however, does not contain any statement regarding cocaine.
We have considered other issues presented by the appellant and we find no error.
The judgment in this case is affirmed.
AFFIRMED.
All the Judges concur.