PER CURIAM.
The defendant, Harry.James Grandberry, appealed his criminal conviction to the Court of Criminal Appeals, arguing that the trial court had erred in denying his motion for a new trial, or, in the alternative, a judgment of acquittal. This motion had been based on the trial court’s purported error in refusing to grant Grandberry a continuance, sought because the state had negligently failed to fully respond to a discovery order until four working days before trial.
Grandberry argued in the Court of Criminal Appeals that he had been wrongfully forced to trial without an adequate opportunity to assess untimely tendered exculpatory evidence. By an unpublished memorandum, 602 So.2d 1226, the Court of Criminal Appeals affirmed Grandberry’s conviction. We have granted certiorari review.
Grandberry was convicted of attempted murder and first degree escape related to an incident where, while he was fleeing the custody of the Pike County Sheriffs Department, he became involved in a struggle with a Pike County sheriffs deputy. In the struggle, the deputy’s gun discharged and the deputy was shot.
At trial on the charge of attempted murder, the defense advanced the theory that the deputy may have shot himself, and that, in any event, the shooting was accidental. The state’s theory of the case was that Grandber-ry intentionally shot the deputy.
The sheriff of Pike County testified that the shot was “sort of muffled down” and that it occurred as the two were “tussling.” R. 58. The injured deputy implied that Grand-berry had discharged the firearm, but there was no eyewitness testimony directly to this effect. The deputy testified that during the struggle, Grandberry spun around “and at that time came up with my handgun out of my holster, and I grabbed it and held it, except it was too late and the gun went off.” R. 71. The deputy further testified that when the gun discharged, “[o]ne of my hands *920 was on the gun and the other was on top of his fist.” R. 89. Another witness testified that before the shooting he observed that the gun was in the deputy’s holster and that after the shooting “the first one I seen [sic] with the gun was Doug [the deputy].”
The issue before us relates to exculpatory evidence the court had ordered disclosed to Grandberry pursuant to Temporary Rule 18, Ala.R.Crim.P.Temp., several months before trial. Through oversight, the state did not disclose to Grandberry until four working days before trial certain evidence, which included a forensic report indicating that Grandberry’s hands tested “negative” for gunpowder residue after the shooting.
After obtaining that evidence, Granberry moved for a continuance, stating, inter alia, that he did not have adequate time to retain the services of forensic experts to assist in the presentation of the gunpowder residue report. The trial court, concluding that “this is going to be principally an eyewitness trial,” denied the motion.
In Ex parte Brown, 548 So.2d 993, 995 (Ala.1989) we stated:
“[W]here defendant has timely requested the production of exculpatory evidence that is material to his defense and the trial judge has ordered that such evidence be produced, Brady [v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963),] and [Temporary Rule 18.1] require that the evidence be produced at a reasonable time before trial.”
(Emphasis added.)
Grandberry had timely requested the production of exculpatory material, and the trial judge had ordered the state to provide such materials to him.
Because of the scientific nature of the report and the need for expert testimony to explain its significance to the jury, we hold that the production of the gunpowder residue report, which occurred only four working days before trial, did not come “at a reasonable time before trial.” 548 So.2d at 995. The judgment of affirmance is reversed and the cause is remanded for the Court of Criminal Appeals to order a new trial. Brown, supra.
Grandberry also raises timeliness issues as to other evidence that also was disclosed only four working days before trial. Because we must reverse on the basis of the untimely disclosure of the gunpowder residue report, we pretermit discussion of these other issues.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.