632 So.2d 1345 (1993)
Charles Edward HINTON, alias
v.
STATE.
CR 92-800.
Court of Criminal Appeals of Alabama.
September 30, 1993.
Rehearing Denied December 3, 1993.
*1346 Dan Turberville, Birmingham, for appellant.
James H. Evans, Atty. Gen., and Stephen Dodd, Asst. Atty. Gen., for appellee.
BOWEN, Presiding Judge.
Charles Edward Hinton, the appellant, was convicted of trafficking in cocaine, was sentenced to 15 years' imprisonment, and was fined $50,000. On this direct appeal of that conviction, he raises eight issues.
The State's evidence established that on September 22, 1990, Officers A.W. Clark and Rodney Bigham of the Tuscaloosa Police Department were on routine patrol when they saw three people sitting in a truck that was stopped in the road. The appellant was the owner and driver of the truck. The officers pulled in behind the truck and observed one of the occupants of the truck, Charles Mack, exit the vehicle from the passenger side. Mack had nothing in his hands.
Mack walked to the rear of the truck and then turned around and walked back to the *1347 passenger door. At that time, both officers saw the appellant lean over to the passenger side of the truck. They could not see the appellant's hands or the hands of the passenger who was seated in the middle seat position. As the appellant leaned over, Mack reached into the truck, retrieved a small black pouch, and started to run. Officer Clark pursued Mack and saw him throw the pouch into a clump of bushes. Clark immediately recovered the pouch and found a white powder substance and $220 in cash inside the pouch. The substance was analyzed and found to contain 57.73 grams of cocaine.
When he was questioned at the scene, the appellant told Officer Clark that Mack had not been in the truck.

I
The trial court did not err by ruling that the defense failed to prove a prima facie case of discrimination under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609 (Ala.1987). The jury venire was composed of 39 people, 6 of whom (15.4%) were black. The State struck 3 black persons and 3 black persons served on the jury (25%).
Under Harrell v. State, 571 So.2d 1270 (Ala.1990), cert. denied, 499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991), the appellant failed to present a prima facie case of discrimination.
"A defendant must offer some evidence in addition to the striking of blacks that would raise an inference of discrimination. When the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created. Logically, if statistical evidence may be used to establish a prima facie case of discrimination, by showing a discriminatory impact,... then it should also be available to show the absence of a discriminatory purpose."
Harrell, 571 So.2d at 1271-72. The State was not required to come forward with the reasons for its strikes of the three black prospective jurors.

II
In this prosecution for trafficking in cocaine, the trial court properly permitted the State to introduce evidence that the appellant had previously been convicted for distributing cocaine to establish that the appellant had knowledge of the presence of cocaine and the intent to exercise dominion over it.
The appellant was arrested for the trafficking offense on September 22, 1990. On October 19, 1990, he was arrested for the unrelated offense of distribution of cocaine. The day before the appellant's trial on the trafficking charge, he pleaded guilty to the distribution charge. R. 117.
The trial court's ruling that the appellant's arrest and conviction on the distribution charge, which occurred after his arrest on the charged offense, was "relevant to the issue of knowledge and intent" in the instant prosecution, R. 108, was correct.
The collateral distribution offense took place twenty-seven days after and only a few blocks away from the scene of the charged trafficking offense. The facts of the collateral offense reveal that the appellant was told by an undercover police officer that the officer wanted to buy cocaine. The appellant initially replied that "he didn't have but a little bit," R. 112-13, and began to walk away. Then, however, the appellant called to another person known as "Little Anthony" and the two of them walked to a nearby Jeep Cherokee. The appellant entered the Jeep on the driver's side and Little Anthony entered the vehicle on the passenger's side. The undercover officer saw the appellant "reach over in the front seat as if he was handing something to Little Anthony." R. 113. Little Anthony then approached the undercover officer, gave him two rocks of cocaine, and received $100.
"`In Alabama, the collateral offenses offered to prove intent may either precede or follow the crime charged.' Schroeder, Hoffman & Thigpen, Alabama Evidence, § 4-4 at 126, and cases cited at n. 94 therein." Chisler v. State, 553 So.2d 654, 668 (Ala.Cr.App. 1989), cert. denied, 495 U.S. 961, 110 S.Ct. 2572, 109 L.Ed.2d 753 (1990). "If an accused *1348 is charged with a crime that requires a prerequisite intent, ... then prior or subsequent criminal acts are admissible to establish that he had the necessary intent when he committed the instant crime." Jones v. State, 439 So.2d 1308, 1310 (Ala.Cr.App.1983) (emphasis added). See also Rogers v. State, 630 So.2d 88 (Ala.1992). (subsequent collateral offenses admissible, in connection with evidence of flight, to prove consciousness of guilt); McKenzie v. State, 250 Ala. 178, 33 So.2d 488, 489-90 (1947) (subsequent collateral offense admissible to prove intent); Johnson v. State, 242 Ala. 278, 5 So.2d 632, 634-35 (1941) (subsequent collateral offense admissible to prove identity), cert. denied, 316 U.S. 693, 62 S.Ct. 1299, 86 L.Ed. 1763 (1942); Hayes v. State, 384 So.2d 623, 626 (Ala.Cr.App.1979), cert. quashed, 384 So.2d 627 (Ala.1980) (subsequent collateral offense admissible to prove intent and identity).
In order to prove that the appellant was guilty of the instant offense, the State had to establish that he knew of the presence of the cocaine in the black pouch and that he intended to exercise dominion over it. Because the appellant was charged with an offense that required proof of his knowledge and intent, his subsequent criminal act was admissible to establish that he had the necessary intent for the instant offense.
Here, both the charged and uncharged offenses occurred in close proximitytemporally and spatiallyand involved similar conduct on the appellant's part. In both instances, the appellant reached from the driver's side to the passenger side of a parked vehicle and handed cocaine to a third party. We hold that evidence of the uncharged offense had a strong bearing on the appellant's knowledge and intent in the instant prosecution and was more probative than prejudicial. Compare Ex parte Smith, 581 So.2d 531, 535-36 (Ala.1991) (testimony regarding collateral offense had "dubious probative value" in relation to its "undue and unfair prejudice").

III
The prosecution presented sufficient evidence that the appellant constructively possessed the cocaine in the black pouch.
"Possession, whether actual or constructive, has the following three attributes: (1) `[A]ctual or potential physical control, (2) intention to exercise dominion and (3) external manifestations of intent and control.' Radke v. State, 52 Ala.App. 397, 398, 293 So.2d 312, 313 (1973), aff'd, 292 Ala. 290, 293 So.2d 314 (1974). `Constructive possession may be determined by weighing facts tending to support a defendant's necessary control over the substances against facts which demonstrate a lack of dominion and control.' Crane v. State, 401 So.2d 148, 149 (Ala.Cr.App.), cert. denied, 401 So.2d 151 (Ala.1981)."
Korreckt v. State, 507 So.2d 558, 564 (Ala.Cr. App.1986). When the State relies on constructive possession, it must adduce some facts or circumstances from which the jury could find beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substance. Ex parte Story, 435 So.2d 1365, 1366 (Ala.1983).
The accused's mere presence, along with others, in a vehicle in which drugs are found is insufficient to sustain a conviction for constructive possession. Ex parte Story, 435 So.2d at 1367. In this case, the State adduced four additional facts and circumstances, aside from the appellant's mere presence at the scene, from which the jury could find beyond a reasonable doubt that the appellant had knowledge of the presence of the cocaine in the black pouch.
First, the appellant was the owner and driver of the truck involved. As this Court observed in Temple v. State, 366 So.2d 740, 742 (Ala.Cr.App.1978), "knowledge of the presence of drugs may be inferred from the accused's possession, control and ownership of the vehicle." See also Crear v. State, 591 So.2d 530, 533 (Ala.Cr.App.1991); Ward v. State, 484 So.2d 536, 537-38 (Ala.Cr.App. 1985).
Second, the appellant leaned over to the passenger side of the truck at the same time that Mack, who had previously exited the truck, returned to the passenger side and retrieved a small black pouch from the truck. The arresting officers did not see the appellant *1349 hand the pouch to Mack, but they did see Mack immediately run from the truck and throw the pouch in a clump of bushes. This sequence of events constitutes circumstantial evidence tending to prove that the appellant handed the pouch containing the contraband to Mack with the intent that Mack dispose of it before they were apprehended by the police. The accused's knowledge of the presence of the controlled substance may be, and usually is, established by circumstantial evidence. Gray v. State, 600 So.2d 1076, 1078 (Ala.Cr.App.1992); Dooley v. State, 575 So.2d 1191, 1196 (Ala.Cr.App. 1990); Korreckt v. State, 507 So.2d 558, 564 (Ala.Cr.App.1986).
Third, the appellant told the officers that Mack had not been in the truck, yet both officers had personally seen Mack in the truck. Conduct or statements displaying a consciousness of guilt constitute strong evidence of constructive possession. See Crear v. State, 591 So.2d at 533; Finch v. State, 553 So.2d 685, 688 (Ala.Cr.App.1989); Temple v. State, 366 So.2d at 743.
Fourth, the appellant was arrested for distributing cocaine within one month of his arrest in the present case. The circumstances of both arrests were similar. The appellant's subsequent arrest and conviction for distribution of cocaine tended to support the inference that he was aware of the presence of the cocaine in the truck and that he intended to have Mack dispose of it.

IV
While Officer Clark was pursuing Mack, Officer Bigham detained the appellant and the other passenger in the truck. Bigham testified that the appellant was not free to leave. The appellant argues that this detention constituted an arrest, and that there was no probable cause for the arrest because, at the time he was detained, the contraband had not yet been found.
The appellant's detention was not an arrest but an investigatory stop authorized by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and United States v. Sokolow, 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989), which hold that when a police officer has a reasonable suspicion that an individual is engaged in wrongdoing, he may temporarily detain the individual for the time necessary to confirm or deny his suspicions. See also Dalton v. State, 575 So.2d 603 (Ala.1990); Cains v. State, 555 So.2d 290 (Ala.Cr.App.1989). Therefore, Officer Bigham need not have had probable cause in order to have detained the appellant.

V
The prosecution established a complete chain of custody for the white powder substance found inside the black pouch. However, the State could not account for the whereabouts of the black pouch, which, by the time of trial, had been lost. Investigator Mitford Tubbs, the last person to see the pouch, testified that after he removed the cocaine from the pouch, he "forwarded" the pouch for fingerprint analysis. R. 130-31. The trial court overruled the appellant's objection, on chain of custody grounds, to the admission of the cocaine with the following comments:
"I don't think the container is itself a necessary link in the chain. [Investigator Tubbs] testified that he opened the bag and extracted the cocaine. It is the cocaine for which a chain must be established, and I think that has been established. I will deny the motion to exclude on the basis of the unaccountability of the black bag or the unaccounted for whereabouts at this time of the black bag." R. 147-48.
The trial court's ruling was correct. In Burnett v. State, 453 So.2d 371, 374 (Ala.Cr.App. 1984), this Court held that the State's failure to account for two plastic bags in which the accused had packaged marijuana did not affect the admissibility of the marijuana itself. "[T]he fact that one piece of evidence is missing does not prove a break in the chain of custody as to some other piece of evidence." Burnett v. State, 453 So.2d at 374.

VI
The appellant claims that his trial counsel was ineffective for allowing him to plead guilty to the offense of distribution of cocaine *1350 the day before his trial in the instant case. This issue was not presented to the trial court and has not been preserved for appellate review. See Ex parte Jackson, 598 So.2d 895, 897 (Ala.1992) (claims of ineffective assistance of counsel cannot be raised for the first time on direct appeal).

VII
At the conclusion of the court's instructions to the jury, defense counsel stated, "No objections, Your Honor." R. 180. He therefore failed to preserve for appellate review any error in the court's oral charge. "No party may assign as error the court's... giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection." Rule 21.2, A.R.Crim.P.; Cook v. State, 574 So.2d 905, 908 (Ala.Cr. App.1990).

VIII
The appellant's 15-year sentence was not unconstitutionally excessive. Trafficking in cocaine is "treated as a Class A felon[y] for purposes of Title 13A." Ala.Code 1975, § 13A-12-231(12). The appellant's sentence was within the statutory range of punishment for a Class A felony, which is imprisonment "for life or not more than 99 years or less than 10 years." Ala.Code 1975, § 13A-5-6(a)(1). Where a punishment imposed is within the statutory range, this Court will not overturn the sentencing decision absent a clear abuse of discretion by the trial court. Fordham v. State, 513 So.2d 31, 34 (Ala.Cr.App.1986). There was no abuse of discretion here.
The judgment of the circuit court is affirmed.
AFFIRMED.
PATTERSON, McMILLAN and MONTIEL, JJ., concur.
TAYLOR, J., dissents with opinion.
TAYLOR, Judge, dissenting.
The decision in this case is not palpably wrong; as noted by the majority, it is factually a very close case. I dissent because I am apprehensive that in the future the case can be offered as precedent with undesirable results.