TAYLOR, Presiding Judge.
The appellant, Floyd Chatman, was convicted of possession of marijuana in the first degree, in violation of § 13A-12-213, Code of Alabama 1975. He was sentenced to two years in the state penitentiary. Pursuant to the Split Sentence Act, this sentence was suspended, and the appellant was placed on supervised probation for a period of three years.
The evidence tended to show that on the evening of January 18, 1988, sometime around midnight, Alabama State Trooper Craig Carr observed a vehicle going north in the southbound lane of Taylor Road in Montgomery, Alabama. After going only a short distance, the vehicle made a u-turn and proceeded in the right direction. Trooper Carr pulled in behind the vehicle and turned on his blue light. The vehicle pulled off to the side of the road and stopped.
Trooper Carr approached the vehicle on the driver’s side and asked the driver, one Tony Chatman, for his driver’s license. He replied that he did not have it with him. The trooper then asked the driver to step back to the patrol car, where he issued him a traffic citation.
Trooper Carr then approached the vehicle again, with the intention of asking for the passenger’s driver’s license. He knocked on the passenger’s window and asked the passenger, Floyd Chatman, to roll down the window- Instead, Floyd Chatman, the appellant here, opened the door. When the appellant opened the door, Trooper Carr observed a small plastic bag of vegetable matter in between the passenger’s seat and the door. The appellant denied that the bag and contents were his.
Trooper Carr then went back to his patrol car and placed the driver, Tony Chat-man, under arrest. He was searched, and another small bag of marijuana was found in his right front pocket. Appellant, Floyd Chatman, was also arrested and was placed in the patrol car with Tony Chatman.
Trooper Carr then searched the vehicle and found 10 or 11 small packages of marijuana in a jacket pocket. Tony Chatman claimed ownership of all of the marijuana. When asked what he planned to do with the marijuana, Tony replied, “Smoke it.”
The dispositive issue in this case is whether the evidence was sufficient to find the appellant guilty of .constructive possession of marijuana and possession of marijuana for other than personal use.
Ex parte Story, 435 So.2d 1365 (Ala.1983), had facts almost identical to those of the case at bar. In Story, the appellant was a passenger in an automobile which was stopped in the early morning hours for *306 a traffic offense. The arresting officer took the driver to police headquarters to administer a PEI test in order to ascertain the driver’s blood alcohol content. A second officer drove the appellant to police headquarters in the driver’s car. On the way to police headquarters, the second officer noticed a pistol on the floorboard in front of the driver’s side of the front seat and a shotgun in the back floorboard. While leaning over to pick up the pistol, he discovered a bag which contained metha-qualone. Both the driver and the passenger denied any knowledge of the bag. The appellant was convicted in circuit court of possession of methaqualone. This court affirmed that conviction. The Supreme Court reversed the conviction, holding:
“[T]he mere presence of a defendant in an automobile containing contraband is not sufficient in and of itself to support a conviction for possession of a controlled substance. Parks v. State, 46 Ala.App. 722, 248 So.2d 761 (1972); Rueffert v. State, 46 Ala.App. 36, 237 So.2d 520 (1970). The State must introduce additional evidence from which the defendant’s unlawful possession of the contraband could be inferred in order to support a conviction. See 57 A.L.R.3d 1319. Knowledge of the presence of the controlled substance by the defendant must also be established beyond a reasonable doubt. Temple v. State, 366 So.2d 740 (Ala.Cr.App.1978).”
Ex parte Story, supra, 435 So.2d at 1366.
Likewise, the appellant Chatman was a passenger in an automobile which he did not own. He said it was around midnight when he got into the car. The bag containing the contraband was found in between the passenger’s seat and the door. There was no odor of marijuana in the car. Compare Roberts v. State, 349 So.2d 89 (Ala.Cr.App.) cert. denied, 349 So.2d 94 (Ala.1977). The driver of the car claimed ownership of all of the marijuana found. There is virtually no evidence linking the appellant to the contraband. Thus, there is at least a reasonable doubt whether he had knowledge of the marijuana.
Moreover, the appellant’s behavior, when he was confronted by the state trooper, was neither suspicious nor incriminating. Conversely, the appellant acted in a manner consistent with the actions of one who had no knowledge of the existence of contraband in the vehicle. Trooper Carr knocked on the appellant’s window in an effort to get the appellant to roll down the window. Instead, the appellant opened the door. Certainly, if the appellant knew of the existence of the marijuana, he would have rolled the window down in an effort to conceal the contraband.
Also, Trooper Carr testified that it took him approximately 10 or 15 minutes in his patrol car to get the necessary information from Tony Chatman to issue him a traffic citation. This was ample time for the appellant to better conceal the contraband, assuming he knew of its existence. However, Trooper Carr stated that he observed the appellant as he questioned Tony and that he did nothing out of the ordinary. Based on these facts, the State’s evidence was not sufficient to prove that appellant was in constructive possession of the marijuana.
Because the State failed to establish sufficient proof that appellant was in constructive possession of marijuana, the law requires that his conviction be reversed and a judgment rendered in his favor.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.