[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 532 
Ralph Crear, the appellant, was convicted of a misdemeanor charge of possession of marijuana, two charges of third degree assault, and one charge of resisting arrest. The corresponding sentences were three months, one year (for each case), and three months, with the sentences to run consecutively. The appellant raises six issues on this appeal from those convictions.
 I
The appellant was originally charged with the felony of possession of marijuana after a prior conviction of possession. At the preliminary hearing, the district court found the existence of probable cause. The grand jury then returned an indictment for felony possession.
At trial, the circuit court granted the appellant's motion for a directed verdict on the felony charge and instructed the jury only on the offense of misdemeanor possession. The appellant argues that the district court should have dismissed the felony charge because there was no evidence of a prior conviction, and that, by the district court's failure to do so, he was placed in double jeopardy.
This argument is obviously without merit because the appellant was only placed in jeopardy one time — in the circuit court. The grand jury could have indicted the appellant even if the district court made a finding of no probable cause and dismissed all charges. See Willis v. State, 480 So.2d 56
(Ala.Cr.App. 1985); Ala. Code 1975, § 15-11-2 ("A preliminary hearing determination by the district court finding no probable cause shall not be res judicata with respect to the issue of probable cause, and the State shall not be barred from proceeding further.").
 II
The appellant contends that the circuit court was without jurisdiction. The argument is: The appellant was initially charged with felony possession, Ala. Code 1975, § 13A-12-213. At the preliminary hearing, the state failed to prove a prior conviction for possession of marijuana. Therefore, the offense was a misdemeanor. The district court has exclusive
jurisdiction over misdemeanors, § 12-12-32. Consequently, the circuit court had no jurisdiction.
This argument conveniently (and as a matter of necessity) overlooks the fact that appellant was indicted for a felony. See Coral v. State, 551 So.2d 1181, 1182 (Ala.Cr.App. 1989) (circuit court acquires jurisdiction over person of the defendant by indictment); Ross v. State, 529 So.2d 1074, 1078
(Ala.Cr.App. 1988) ("[T]he [subject-matter] jurisdiction of the court, in felony cases, rests upon the utilization of a grand jury indictment or information.").
Furthermore, there is no record of the evidence presented at the district court preliminary hearing. The record does show that the appellant had previously been charged with possession in municipal court and that he was placed on "good behavior" after a trial. However, that one record which the state introduced does not show a conviction. Failure to prove a prior conviction is not the same thing as no prior conviction. The trial court granted the motion for a directed verdict of acquittal on felony possession when the State failed to prove a prior conviction. The appellant's argument is without merit.
 III
The evidence does support the appellant's conviction for the possession of marijuana for personal use.
The marijuana was contained in a plastic bag located on the far left side of the dash on the driver's side of the automobile. The bag was partially covered with a napkin. The officers initially approached the parked car because one of them recognized the appellant as a "wanted" fugitive. The car belonged to the appellant. A female was *Page 533 
seated in the front passenger's seat. The appellant was sitting in the driver's seat. The appellant gave the arresting officers a false name, struggled with the officers, resisted arrest, and attempted to flee.
Mere presence in an automobile containing contraband is insufficient to support a conviction for possession. Ex parteStory, 435 So.2d 1365, 1366 (Ala. 1983). Here, however, the fact that appellant was the owner and driver of the vehicle supported an inference of constructive possession. See Ward v.State, 484 So.2d 536, 537-38 (Ala.Cr.App. 1985). Furthermore, his close proximity to the marijuana, coupled with his attempt to elude arrest, provides sufficient circumstantial evidence to support his conviction for possession. See Finch v. State,553 So.2d 685, 688 (Ala.Cr.App. 1989). Compare Chatman v. State,555 So.2d 305 (Ala.Cr.App. 1989) (evidence insufficient to establish passenger's constructive possession of marijuana when he did not own the vehicle or display any suspicious or incriminating conduct, and driver claimed the contraband).
 IV
The indictments for third degree assault charged that the appellant caused "physical injury." Physical injury is "[i]mpairment of physical condition or substantial pain." §13A-1-2 (8).
Officer Barber, one of the arresting officers, testified that the appellant "slapped" him in the chest with the handcuffs and struck him "several times." Barber testified that he was in the hospital for "just bruise[s] and abrasions . . . mainly abrasions from the roadway parking lot, also bruises."
Officer Baker, the other officer, testified that he also went to the hospital, where the record reveals he had his "knee x-rayed. [He] had a bruised kneecap, and it turned out not to be as serious as first thought. [He] also had a knot on [his] head on the right side, upper part of [his] head." The evidence shows that when the officers attempted to handcuff the appellant, the appellant jerked away and then used the handcuffs as a weapon against the officers, "flailing" at them.Both officers were struck. Apparently, the attempted arrest turned into a brawl. There was testimony that the appellant "[was] no longer trying to flee. It turned into a fight is what it turned into. He wasn't even trying to escape anymore."
There was sufficient evidence from which the jury could reasonably conclude that both officers suffered "impairment of physical condition" and "substantial pain," that is, that the appellant caused them "physical injury." See Brock v. State,555 So.2d 285, 289 (Ala.Cr.App. 1989) (evidence sufficient to conclude that police officer sustained "physical injury" under § 13A-1-2(8) when she was struck over the eye and on the head with combination lock during struggle with accused); Johnson v.State, 552 So.2d 883, 886-87 (Ala.Cr.App. 1989) (evidence sufficient to conclude that victim sustained "physical injury" under § 13A-1-2(8) when she hit her head on dresser and developed month-long headache).
 V
The appellant contends that the trial court erred by refusing to instruct the jury that resisting arrest is a lesser included offense of assault in the third degree. We agree based on the particular facts of this case.
The appellant's indictments for third degree assault tracked the language of § 13A-6-22(a)(4). Under subsection (a)(4), assault occurs when a person, "[w]ith intent to prevent a peace officer from performing a lawful duty, . . . causes physical injury to any person."
Under § 13A-10-41, resisting arrest occurs when a person "intentionally prevents or attempts to prevent a peace officer from [e]ffecting a lawful arrest of himself or of another person."
Under § 13A-1-9(a), the test for determining whether resisting arrest constitutes a lesser included offense of assault as charged in these indictments is whether:
 " '(1) [Resisting arrest] is established by proof of the same or fewer than all *Page 534 
the facts required to establish the commission of [assault as charged]; or
" '. . . .
 " '(4) [Resisting arrest] differs from [assault as charged] only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.' "
Ex parte Jordan, 486 So.2d 485, 488 (Ala. 1986).
Both parts of the test are satisfied here. Resisting arrest is established, under the facts of this case, by fewer than all the facts required to establish subsection (a)(4) assault, and it differs, under the facts of this case, from subsection (a)(4) assault only in that it contemplates a lesser injury or risk of injury to the peace officer.
The fact that the resisting arrest statute proscribes interference with a peace officer who is "effecting a lawful arrest," while the assault statute proscribes interference with a peace officer who is "performing a lawful duty" (which duties include, in the abstract, duties other than arrest), is unimportant here. In making a lesser included offense determination, we do not consider "the potential relationship of . . . statutes only in abstract terms." Ex parte Jordan,486 So.2d at 488. We consider their relationship in light of the facts of the particular case and the indictments under which the accused was charged. Id.
The State argued at trial and maintains on appeal that resisting arrest is not a lesser included offense of subsection (a)(4) assault because the appellant engaged in "two different acts," one for the purpose of escaping and the other for the purpose of "hurting the officers." The problem with this argument is that the offenses charged in the indictments were assaults "with intent to prevent [the officers] from performing a lawful duty," and not other assault offenses. Compare §13A-6-22(a)(1) ("A person commits the crime of assault in the third degree if [w]ith intent to cause physical injury to another person, he causes physical injury to any person."). When the charged offense subsumes another crime as a lesser included offense, appellant's commission of any other uncharged crime is simply immaterial to the lesser included offense analysis.
While there was sufficient evidence of "physical injury" to the officers here to present a jury question on assault, there was also "a rational basis for a verdict convicting the [appellant] of [resisting arrest]" without "physical injury." See § 13A-1-9(b). That is, there was a reasonable theory from the evidence to support a verdict that the officers did not suffer "impairment of physical condition or substantial pain."
Therefore, under the facts of this case and in view of the offenses for which appellant was indicted, the trial court erred by refusing to charge the jury on resisting arrest as a lesser offense of the charged assault.
 VI
The appellant does not challenge the propriety of his two assault convictions arising out of the same transaction. Even if his "flailing" at the officers was deemed a single criminal act, it injured two police officers, and he was properly convicted of the assault of both officers. See McKinney v.State, 511 So.2d 220 (Ala. 1987).
However, the appellant argues that he cannot, consistent with the Double Jeopardy Clause, be convicted of both resisting arrest and assault arising out of the same incident. He claims that because the former is an included offense of the latter, the offenses are the "same" for purposes of jeopardy. We agree.
"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whethereach provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304,52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) (emphasis added). Each provision here does not require proof of an independent fact. Assault requires "physical injury"; resisting arrest does not. But *Page 535 
resisting arrest requires no proof independent of assault.[1]
Failing the Blockburger test necessarily means that the offenses are the same for purposes of jeopardy.
 "The assumption underlying [the Blockburger] rule is that [the legislature] ordinarily does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent."
Whalen v. United States, 445 U.S. 684, 691-92, 100 S.Ct. 1432,1437-38, 63 L.Ed.2d 715 (1980), quoted in Missouri v. Hunter,459 U.S. 359, 367, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). We find no "clear indication" of intent on the part of the Alabama legislature to doubly punish resisting arrest and third degree assault when a police officer is actually injured. Therefore, appellant may not be convicted and sentenced for both resisting arrest and assault.
This holding is consistent with Ala. Code 1975, § 13A-1-8(b), subsections (1) and (4). Those sections provide:
 "When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
 "(1) One offense is included in the other, as defined in section 13A-1-9; or
". . . .
 "(4) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct."
Under the facts of this case resisting arrest is a lesser included offense of assault as defined in § 13A-6-22(a)(4). We also find that resisting arrest and subsection (a)(4) assault differ only in that the former is defined to prohibit simple resistance, while the latter is defined to proscribe resistance resulting in injury. Conversely, subsection (a)(4) assault is defined to proscribe any interference with a police officer in the performance of his duties, while the resisting arrest provision is designed to prohibit "a specific instance of such conduct." Consequently, § 13A-1-8(b)(1) prohibits the appellant's conviction for both offenses.
The appellant's conviction for possession of marijuana is affirmed. The appellant's two convictions for assault are reversed and remanded for a new trial, at which the appellant is entitled to have the jury charged that resisting arrest is a lesser offense of subsection (a)(4) assault, and that he may not be convicted of the assault charges and the resisting arrest charge.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
All Judges concur.
[1] In Part V, we noted that the "performing-a-lawful-duty" provision of the assault statute, while theoretically broader than the "effecting-an-arrest" provision of the resisting statute, was — under the rationale of Ex parte Jordan — disregarded. It is also disregarded for purposes ofBlockburger. See Missouri v. Hunter, 459 U.S. 359, 370 n. 2,103 S.Ct. 673, 680 n. 2, 74 L.Ed.2d 535 (1983) (Marshall, J., dissenting) ("[T]he Missouri courts have properly recognized that the theoretical possibility that the underlying felony could be some felony other than first-degree robbery is irrelevant for purposes of the Double Jeopardy Clause where noother underlying felony is in fact charged") (emphasis added).