LaCarl Bolling, the appellant, was convicted in 1988 of rape in the first degree, sodomy in the first degree, and burglary in the first degree. He was sentenced as a habitual felony offender to imprisonment for life without parole in each case. There was no direct appeal of those convictions. In 1992, the appellant filed a petition for post-conviction relief. The circuit court denied the petition but granted the appellant permission to file an "out-of-time" appeal. The appellant raises two issues on this "out-of-time" appeal of his conviction.
 I.
The appellant argues that the trial court erred in sentencing him under the Habitual Felony Offender Act because he was not given reasonable notice prior to sentencing that the State intended to invoke that Act.
This issue has not been preserved for appellate review by objection at trial.
 "[W]e now conclude, after careful review of the applicable statutes, rules, and cases, that notice to the defendant is a procedural requirement that can be waived by the defendant's failure to object rather than a jurisdictional matter that is not subject to *Page 1137 
waiver. . . . The failure of the State to provide the notice required by Rule 26.6(b)(3)(ii), A.R.Crim.P., . . . falls within that general category of sentencing issues that must be brought to the attention of the trial court in order to preserve the issue for appeal."
Nichols v. State, 1993 WL 144090, * 6 (Ala.Cr.App. 1993).
Not only was there no objection to this matter, retained defense counsel "conceded" at sentencing that the appellant had been convicted of "at least three" prior felonies. R. 116. Compare Bogan v. State, 607 So.2d 322, 325 (Ala.Cr.App. 1992) ("[t]he state cannot evade the notice requirement by getting the appellant to admit prior felonies at the sentencing hearing" where an objection has been made that reasonable notice was not given).
In addition, we note that at trial the appellant admitted two prior felony convictions. "The notice requirement is eliminated when during the trial the defendant admits the previous felony conviction." Connolly v. State, 602 So.2d 452, 454 (Ala. 1992).
 II.
The appellant argues that he was denied the effective assistance of counsel at trial because defense counsel failed to raise a Batson objection and failed to file a motion to suppress the appellant's confession.
The issue of ineffective assistance of trial counsel was not raised at trial and has not been properly preserved for review by appellate counsel pursuant to the procedure set out inEx parte Jackson, 598 So.2d 895 (Ala. 1992). See Daniel v.State, 623 So.2d 438 (Ala.Cr.App. 1993).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 1325