TAYLOR, Judge.
The appellant, Eddie James Briskett, was convicted of assault in the second degree (§ 13A-6-21, Code of Alabama 1975) and burglary in the first degree (§ 13A-7-5, Code of Alabama 1975). He was sentenced, pursuant to the Habitual Felony Offender Act, to 10 years in the penitentiary on his conviction for assault in the second degree and to life imprisonment without the possibility of parole on his conviction for burglary in the second degree.
The state’s evidence tended to show that on July 11, 1993, the appellant and two unidentified men unlawfully entered the home of Almeda Kennedy, the appellant’s mother-in-law, and assaulted her. At that time, the appellant and his wife, Terre Abner Briskett, were separated.
Mrs. Briskett and their infant son were living with Mrs. Kennedy. Mrs. Briskett testified that at approximately 10:00 p.m., on July 11,1993, the doorbell rang. Mrs. Brisk-ett went to answer the door and through a window she saw the appellant standing out *1019 side. He told her that he had some diapers for the baby. She told the appellant that he was not welcome and instructed him to leave the diapers outside. Mrs. Briskett testified that when she opened the door to get the diapers, the appellant and two other men rushed into the house. One man was wearing sunglasses and a scarf on his head and was carrying a gun. The other man had a stocking over his head. The appellant ran toward Mrs. Briskett. She testified that when he reached her, he immediately handcuffed her left wrist and attempted to put duct tape over her eyes and mouth, but he was unable to do so because she was struggling. The appellant told the other two men to “lock [Mrs. Kennedy] up.” The two unidentified men handcuffed Mrs. Kennedy and hit her on the head with the gun handle every time she tried to speak. Mrs. Briskett testified that she and her mother begged the men not to hurt them. She said that the two unidentified men began to take Mrs. Kennedy to the back of the house and that the appellant starting pulling Mrs. Briskett toward the front door. Mrs. Kennedy testified that the two men put her in the bathroom and shut the door. The appellant managed to get Mrs. Briskett outside and into the back of his station wagon. She was able to escape, and she immediately went across the street to her neighbor Lillie Thomas’s house, who called the police.
Ms. Thomas testified that she saw the appellant’s ear driving away from Mrs. Kennedy’s house. The Prichard police arrived a few minutes later. Mrs. Kennedy was taken to the hospital, where she was treated for contusions to her head, face, arms, and eyes as well as for broken blood vessels in her eyes. The two other men were never identified or apprehended.
The appellant raises two issues on appeal.
I
The appellant first contends that the trial court erred in denying his motion for a judgment of acquittal on the assault in the second degree charge. More specifically, he contends that there was no evidence presented that he actually took part in the assault or that he aided or abetted in the assault.
“In determining whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, we must accept as true the evidence introduced by the state, accord the state all legitimate inferences therefrom, and view the evidence in the light most favorable to the prosecution. McMillian v. State, 594 So.2d 1253 (Ala.Cr.App.1991); Faircloth v. State, 471 So.2d 485 (Ala.Cr.App.1984), aff'd, 471 So.2d 493 (Ala.1985); Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979).”
Underwood v. State, 646 So.2d 692, 695 (Ala. Cr.App.1993).
Section 13A-2-23, Code of Alabama 1975, states:
“A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense:
“(1) He procures, induces or causes such other person to commit the offense; or
“(2) He aids or abets such other person in committing the offense; or
“(3) Having a legal duty to prevent the commission of the offense, he fails to make an effort he is legally required to make.”
The state presented sufficient evidence for the jury to find the appellant guilty of assault in the second degree as an aider or abettor. The appellant entered the house with the two men who assaulted Mrs. Kennedy. He cooperated with them and gave them orders, including an order to “lock her [Mrs. Kennedy] up.” We will not substitute our judgment for that of the jury. Owens v. State, 597 So.2d 734, 737 (Ala.Cr.App.1992).
II
The appellant next contends that in sentencing him, the trial court applied the Habitual Felony Offender Act in violation of Rule 26.6(b)(3), Ala.R.Crim.P. Specifically, he contends that the state did not introduce certified copies of the appellant’s prior convictions at the sentencing hearing.
This issue was not preserved for our review because the appellant did not object on *1020 this basis at trial or at his sentencing hearing. Bolling v. State, 624 So.2d 1136 (Ala.Cr. App.1993). This court has held that the state’s failure to follow Rule 26.6(b)(3), Ala. R.Crim.P., must be brought to the attention of the trial court in order to preserve the issue for appeal. Bolling, 624 So.2d at 1137. Therefore, the appellant’s claim is procedurally barred from our review.
For the foregoing reasons, the judgment in this case is to due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.