TAYLOR, Presiding Judge.
The appellant, Michael Pitts, was convicted in the Municipal Court of Lee County of disorderly conduct, assault in the third degree, and resisting arrest. He appealed and was tried de novo in the Circuit Court of Lee County. He was convicted in circuit court of disorderly conduct, assault in the third degree, and resisting arrest, violations § 13A-6-22, § 13A-10-41, Code of Alabama 1975, respectively. The appellant presents five issues on appeal; however, since four of these issues are related to his contention that the trial court erred in failing to grant a motion for a judgment of acquittal, we will address those together.
I
The evidence tended to show that, on June 16, 1995, Officer Cody Hill, a policeman for the City of Auburn, was on patrol when he observed a man urinating in the street. Officer Hill stopped his vehicle in the middle of the street, blocking traffic in both directions, and approached the man. Hill testified that there were a lot of people in the vicinity and that the area was rather congested both with people and vehicles.
While Hill discussed the problem with the man, the appellant pulled his van behind Hill’s patrol vehicle and began blowing his horn repeatedly. Hill acknowledged to the appellant that he was blocking the road and gestured to the appellant, indicating that he would be finished questioning the person in a moment and would then move his vehicle.
When the appellant continued to blow his horn, Hill turned and approached the appellant’s van. Hill explained to the appellant that he would be finished in a minute and that the appellant was going to have to wait. Hill testified that the appellant, in an angry and aggressive tone, responded by yelling loudly: “F_y_Move your God d_car out of the street.” Hill then said: “Excuse me?” to which the appellant replied: “get your God d_car out of the street. If that was my vehicle blocking the roadway, you would make me move; now get your car out *238 of the street.” At this point, Hill asked the appellant to produce his driver’s license. The appellant, by now very angry and agitated, yelled: “F_ y_, Mother f-I don’t have no God d_ driver’s license.” The appellant then put his vehicle in reverse and tried to back up; however, Hill grabbed the door handle and ordered the appellant to stop the vehicle. Hill again asked to see the appellant’s driver’s license. The appellant continued yelling at Hill.
As Hill was attempting to get the appellant’s driver’s license, the appellant got out of his vehicle. Hill testified that Hill was extremely mad and continued to use profanity. He stated that people began to gather around because of the disturbance created by the appellant. Shortly after getting out of the vehicle, the appellant got back in his vehicle. At this point, Officer Hill grabbed the door and would not allow the appellant to shut the door. Both Hill and the appellant began to pull on the door. Hill testified that he did not allow the appellant to shut the door because he was going to arrest him for disorderly conduct.
Hill eventually succeeded at opening the door completely. Hill then attempted to remove the appellant from the vehicle by pulling on the upper part of the appellant’s arm; however, he could not remove the appellant because the appellant had a firm grip on the steering wheel. Further, Hill testified that
“all of a sudden, he comes out of the van in a motion and I see his arm coming around, and I attempted to duck, and, you know, I felt something strike me in the head. And as I was ducked over, he [reached over and got] me in a headlock. And at that point, he proceeded to start ... punching me repeatedly.”
Hill further testified that as a result of being repeatedly hit in the head, he suffered the following injuries:
“[L]arge wide scratch that started almost in the middle of my forehead that came down across the side of [his] face, across [his] ear, and down around — partially around the back of [his] neck.” He also “had another place where the skin was torn off [of his] face on [the] cheek area, and [he] had a black eye on the other side of [his] face and an abrasion on [his] cheek and knots on [his] head.”
Shortly after the fight began, Officer Bean arrived on the scene to assist Hill. Officer Bean testified that when he arrived on the scene, the appellant had Hill in a headlock and was punching Hill in the head. Bean stated that he tried to separate the appellant and Hill by pulling on the appellant’s legs but was unsuccessful. At some point during the struggle between the appellant and Bean, Hill got away from the appellant and Bean was able to force the appellant to the ground. While on the ground, the appellant started to try to “push [himself] up” from the ground. Bean testified that the following occurred while the appellant was on the ground:
“[The appellant] started advising us [that] he was going to kill us. He said ‘You black son of a bitch, I am going to kill you’. He said, T am going to kill all you officers as soon as I get up from here’.”
The appellant, who was lying face down on the ground, began to try to turn over. Bean testified that, when the appellant began to try to turn over, Bean put his hand on the back of the appellant’s shoulder and pushed him back down to the ground. At this point, the appellant was arrested for disorderly conduct, assault in the third degree on Officer Hill, and resisting arrest by Officer Bean.
Several witnesses, in addition to Hill, testified that the appellant was using obscenities and was loud enough for many people to hear. In fact, the witnesses testified that a crowd had begun to gather at the scene because of the appellant.
The appellant now argues that the trial court erred in denying his motion for a judgment of acquittal on all three counts.
“The trial court’s denial of a motion for a judgment of acquittal must be reviewed by determining whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the appellant guilty. Thomas v. State, 363 So.2d 1020 (Ala.Cr.App.1978). In applying this standard, the appellate court will determine only if legal evidence was presented from which the jury could have found the *239 defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala.Cr.App.1988); Thomas v. State. When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for a judgment of acquittal by the trial court does not constitute error. Young v. State, 288 Ala. 676, 220 So.2d 843 (1969); Willis v. State.”
Breckenridge v. State, 628 So.2d 1012, 1018 (Ala.Cr.App.1993).
A.
The appellant first contends that the trial court erred in failing to grant his motion for a judgment of acquittal on the disorderly conduct charge.
Section 13A-11-7 Code of Alabama, 1976, provides:
“(a) A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
“(1) Engages in fighting or in violent tumultuous or threatening behavior; or
“(2) Makes unreasonable noise; or
“(B) In a public place uses abusive or obscene language or makes an obscene gesture; or
“(4) Without lawful authority, disturbs any lawful assembly or meeting or persons; or
“(5) Obstructs vehicular or pedestrian traffic, or a transportation facility; or
“(6) Congregates with other person [sie] in a public place and refuses to comply with a lawful order of the police to disperse.
“(b) Disorderly conduct is a Class C misdemeanor.”
In Smith v. City of Anniston, 668 So.2d 96, 98 (Ala.Cr.App.1995), this Court stated:
“In the present case, because the appellant made the offensive comment, not only to the police officer, but also in the presence of other individuals who could hear and react, whether his conduct amounted to disorderly conduct was a question of fact for the jury. Where facts are presented from which the jury could reasonably infer that the alleged crime has been committed, the question must be submitted to the jury.”
When the issue presented involves the determination of the sufficiency of the evidence, this Court is required to accept as true the evidence introduced by the state and to view the evidence in a light most favorable to the prosecution. Atkins v. State, 615 So.2d 1321 (Ala.Cr.App.1993). Based on the appellant’s act of repeatedly blowing his horn and shouting obscenities at Hill in an area where many people were nearby and causing a disturbance to the extent that people began to assemble in the road and in their yards, there was no error when the trial court denied the appellant’s motion for a judgment of acquittal.
B.
The appellant also contends that the trial court erred in denying his motion for a judgment of acquittal on the charge of assault in the third degree. Specifically, the appellant argues that he had not committed an “arrestable offense” when Officer Hill attempted to remove him from his vehicle; thus, he argues, Officer Hill was the perpetrator of the assault, rather than him. He appears to contend that he acted in self-defense. We disagree.
“In deciding a question of the sufficiency of the evidence, this court must accept as true the evidence introduced by the prosecution, must accord the prosecution all legitimate inferences from that evidence, and must consider that evidence in the light most favorable to the prosecution. Morgan v. State, 589 So.2d 1315, 1317 (Ala.Cr.App.1991); Jackson v. State, 516 So.2d 726, 752 (Ala.Cr.App.1985).
Ziglar v. Siate, 629 So.2d 43, 51 (Ala.Cr.App.1993).
Section 13A-6-22 provides:
“(a) A person commits the crime of assault in the third degree if:
“(1) With intent to cause physical injury to another person, he causes physical injury to any person; or
*240 “(2) He recklessly causes physical injury to another person; or
“(3) With criminal negligence he causes physical injury to another person by means of a deadly weapon or a dangerous instrument; or
“(4) With intent to prevent a peace officer from performing a lawful duty, he causes physical injury to any person.
“(b) Assault in the third degree in a Class A misdemeanor.”
The state presented sufficient evidence from which the jury could find that the appellant’s conduct was disorderly, and violated § 13A-11-7. Thus, the appellant’s argument that he had committed no “arrestable offense” is not supported by the record. Because the evidence tended to show that the appellant was guilty of disorderly conduct, Officer Hill’s actions in attempting to remove the appellant from his vehicle were justified. Furthermore, the state presented sufficient evidence from which the jury could find that the appellant was guilty of assault in the third degree when he forced Officer Hill to the ground and repeatedly punched him in the head. ‘We will not substitute our judgment for that of the jury.” Briskett v. State, 659 So.2d 1018, 1019 (Ala.Cr.App.1995).
C.
The appellant next contends that the trial court erred in denying his motion for a judgment of acquittal on the charge of resisting arrest. We disagree.
Section 13A-10-41 provides:
“(a) A person commits the crime of resisting arrest if he intentionally prevents or attempts to prevent a peace officer from affecting a lawful arrest of himself or of another person.
“(b) Resisting arrest is a Class B misdemeanor.”
The state presented sufficient evidence from which the jury could find the appellant guilty of resisting arrest. The evidence indicated that the appellant, after being subdued on the ground, continued to struggle with Officer Bean as he attempted to get the appellant under control so that they could put him in a police vehicle. ‘We will not substitute our judgment for that of the jury.” Briskett, 659 So.2d at 1019.
II.
The appellant also contends that the court erred in denying his motion to dismiss the charge of resisting arrest because, he argues, it was a lesser included offense of the charge of assault in the third degree. We disagree.
The appellant cites Crear v. State, 591 So.2d 530 (Ala.Cr.App.1991), for the proposition that he cannot be convicted of both resisting arrest and assault arising out of the same incident. However, this Court limited the holding in Crear to situations involving a conflict between § 13A-6-22(a)(4) and § 13A-10-41. The Court held that, in light of the offenses for which the appellant was indicted, that is § 13A-6-22(a)(4) and § 13A-10-41, resisting arrest was a lesser included offense of the charged assault.
In brief, the State contends that the appellant assaulted Hill and resisted the arrest by Bean; that is, the charges were separate and related to different officers. In fact, the state argues: “These actions involved different officers; Cody Hill was the victim of the assault and [the appellant] resisted the arrest by Officer Bean for the assault offense.”
In Crear, this Court stated:
“The State argued at trial and maintains on appeal that resisting arrest is not a lesser included offense of subsection (a)(4) assault because the appellant engaged in ‘two different acts,’ one for the purpose of escaping and the other for the purpose of ‘hurting the officers.’ The problem with this argument is that the offenses charged in the indictments were assaults ‘with intent to prevent [the officers] from performing a lawful duty,’ and not other assault offenses. Compare § 13A-6-22(a)(l) (‘A person commits the crime of assault in the third degree if [w]ith intent to cause physical injury to another person, he causes physical injury to any person.’).”
591 So.2d at 534. (Emphasis in original.) Furthermore, the Court also stated:
“In making a lesser included offense determination, we do not consider ‘the potential *241 relationship of ... statutes only in abstract terms.’ Ex parte Jordan, 486 So.2d [485], 488 [ (Ala.1986) ]. We consider their relationship in light of the facts of the particular case and the indictments under which the accused was charged. Sd.”
591 So.2d at 534.
In the present case, the indictment charging the appellant with assault in the third degree tracked the language of subsection (a)(1) of § 13A-6-22. This subsection states: “(a) A person commits the crime of assault in the third degree if: (1) With intent to cause physical injury to another person, he causes physical injury to any person.” Because the appellant was charged with and convicted for subsection (a)(1) assault and not subsection (a)(4) assault, we hold that the trial court did not err in denying the appellant’s motion to dismiss the charge of resisting arrest.
Further, the evidence tended to show that the appellant’s convictions for resisting arrest and assault in the third degree resulted from two independent offenses. The appellant assaulted Officer Hill when he forced Hill to the ground and repeatedly punched him in the head. On the other hand and in contradiction to the appellant’s contentions, the appellant resisted the arrest of Officer Bean, not Officer Hill. When Officer Bean arrived upon the scene and saw the appellant punching Officer Hill, he attempted to subdue the appellant in order to arrest him for assaulting Hill. As Officer Bean attempted to free Officer Hill, the appellant struggled with Officer Bean to prevent his arrest.
For the reasons stated above, the appellant’s convictions should be affirmed.
AFFIRMED.
All the Judges concur.