Rel: November 8, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

_____

### CR-2024-0333

_____

### Brian Everett Hammock

### v.

### State of Alabama

### Appeal from Lee Circuit Court
### (CC-20-70)

WINDOM, Presiding Judge.

Brian Everett Hammock appeals his convictions for two counts of second-degree assault, see § 13A-6-21(a)(4), Ala. Code 1975; obstructing governmental operations, see § 13A-10-2, Ala. Code 1975; resisting arrest, see § 13A-10-41, Ala. Code 1975; improper lane usage, see § 32-

5A-88, Ala. Code 1975; and driving under the influence of alcohol, see § 32-5A-191, Ala. Code 1975.  The circuit court sentenced Hammock to 10 years in prison, which sentence was split and he was ordered to serve 18 months followed by 3 years of probation for his assault convictions; to 12 months in jail for his obstructing-governmental-operations conviction; to 6 months in jail for his resisting-arrest conviction; to 10 days in jail for his improper-lane-change conviction, and to 12 months in jail for his driving-under-the-influence conviction.  The sentences were ordered to be served concurrently.

Around 2:00 a.m. on August 4, 2018, Hammock, driving on the wrong side of the road, nearly struck the patrol vehicle of Lee County Sheriff's Deputy Erin Pierce.  Dep. Pierce initiated a traffic stop of Hammock's vehicle.  While speaking with Hammock, Dep. Pierce smelled the odor of alcohol.  She asked Hammock to exit the vehicle but he refused.  Dep. Pierce called for assistance, and Sergeant Jessica Daley arrived.  She too asked Hammock to exit the vehicle, and he, again, refused.  As the deputies tried to remove Hammock from his vehicle, Hammock pulled Sgt. Daley into the vehicle.  When Hammock would not release Sgt. Daley, Dep. Pierce tased Hammock and removed him from

the vehicle. Once he was out of the vehicle, he grabbed Dep. Pierce's arm, which caused bruising. Hammock continued to pull away and refused to comply with commands as the deputies attempted to place handcuffs on him. Deputies were eventually able to restrain Hammock and transport him to the Lee County Detention Facility. Sgt. Daley sustained bruising on her knees and scrapes on her hands as a result of her encounter with Hammock.

On appeal, Hammock purports to challenge the circuit court's denial of his motion for a judgment of acquittal as to the charge of obstruction of governmental operations. Yet, he offers no argument or caselaw in support of that claim. Instead, what Hammock appears to argue is that the circuit court erred by constructively amending his indictment for that charge.

Hammock's indictment for obstruction of governmental operations alleged that Hammock

> "did on or about August 4, 2018, intentionally obstruct, impair, or hinder the administration of law or other governmental function, or did intentionally prevent a public servant from performing a governmental function, to wit: refuse to exit the vehicle <u>and</u> resist arrest in violation of § 13A-10-2 against the peace and dignity of the State of Alabama."

(Emphasis added.)

3

During his motion for a judgment of acquittal on the charge of obstructing governmental operations, Hammock asserted that, because the indictment was written in conjunctive terms, "resisting arrest" was a required element of the charge. Hammock argued, though, that "resisting arrest cannot form a basis for obstructing governmental operations. Otherwise, any time someone resisted arrest, they would be guilty of a separate offense of obstructing governmental operations." (R. 328.) Hammock asserted that the indictment was therefore "fatal" and that he should be entitled to an acquittal on that charge. (R. 328.) The State suggested that "resisting arrest" was surplusage that could be removed from the indictment. Over Hammock's objection, the circuit court removed the phrase "resisting arrest" from the indictment charging obstruction of governmental operations. (R. 349-51.)

To the extent Hammock's claim on appeal intends to challenge the circuit court's amendment of his indictment, his claim is without merit. Rule 13.5(a), Ala. R. Crim. P., provides, in pertinent part: "The court may permit a charge to be amended without the defendant's consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced."

In <u>Pace v. State</u>, 652 So. 2d 321 (Ala. Crim. App. 1994), this Court addressed whether there was a fatal variance between the indictment, which alleged that the defendant had committed first-degree robbery while armed with "a beer bottle and a knife or knife-like object," and the evidence presented at trial, which indicated that the defendant had committed the robbery while armed with a pistol. <u>Id.</u> at 323. In holding that there was no fatal variance because the indictment had been properly amended, the Court stated:

"The limitation in Rule 13.5 that an amendment must not charge a new or different offense 'does not apply to an amendment that perfects a defective [indictment] by ... changing the <u>manner</u> in which the crime was committed.' 2 W. LaFave & J. Israel, <u>Criminal Procedure</u>, § 19.2(g) at 462 (1984) (emphasis added). 'An indictment may be amended to correct an error in the description of ... the weapon or other instrument with which the defendant committed the offense charged.' 2 C. Torcia, <u>Wharton's Criminal Procedure</u>, § 274 at 166-68 (13th ed. 1990).

"Rule 13.5 authorized an amendment of Count I of the indictment to reflect that the appellant was armed with a pistol instead of a 'beer bottle and a knife or knife-like object' because that amendment did not 'change the offense' or charge an 'additional or different offense.' Robbery while armed with a pistol is the 'same offense' as robbery while armed with a 'beer bottle and a knife or knife-like object'; the two are simply the 'same crime under a different set of facts.' The former is the same form of the offense of robbery in the first degree as the latter − theft accomplished by the use or threat of the use of force and while armed with a deadly

5

weapon or dangerous instrument. See Ala. Code 1975, § 13A-8-41(a)(1). Compare <u>Ex parte Hightower</u>, 443 So. 2d [ 1272,] 1274 [(Ala. 1983)] (defendant charged by solicitor's complaint with sexual misconduct under § 13A-6-65(a)(1)[, Ala. Code 1975]; complaint alleged one form of this offense – that defendant engaged in sexual intercourse with victim without her consent – and proof showed another form – that defendant obtained victim's consent by artifice)."

<u>Pace</u>, 652 So. 2d at 326.

Similarly, in this case, removing one manner of committing the offense to allege that Hammock had obstructed governmental operations by refusing to exit the vehicle instead of by refusing to exit the vehicle <u>and</u> by resisting arrest did not change the offense or charge a different offense. Further, the State is not required to prove all theories alleged in the indictment, and proof of any one theory of the offense will support a guilty verdict. Although the indictment charged the manner and means of committing the offense in the conjunctive, the circuit court did not err when it removed one manner of committing the offense. Finally, this Court notes that Hammock has made no attempt to explain on appeal how he was prejudiced by the circuit court's amending his indictment.

Although we have determined that Hammock is not entitled to any relief on the claim raised on appeal, this Court must take judicial notice of a jurisdictional defect. See <u>State v. Isbell</u>, 955 So. 2d 476 (Ala. Crim.

6

App. 2006) (noting that this Court has a duty to notice jurisdictional defects ex mero motu). Here, Hammock's simultaneous convictions for both resisting arrest pursuant to § 13A-10-41, Ala. Code 1975, and second-degree assault pursuant to § 13A-6-21(a)(4), Ala. Code 1975, present a violation of the Double Jeopardy Clause that implicates the jurisdiction of the circuit court. See Ex parte Benefield, 932 So. 2d 92, 93-94 (Ala. 2005).

"A person commits the crime of resisting arrest if he intentionally prevents or attempts to prevent a peace officer from affecting a lawful arrest of himself or another person." § 13A-10-41(a), Ala. Code 1975. Hammock was indicted for two counts of second-degree assault against the officers pursuant to § 13A-6-21(a)(4), Ala. Code 1975, which states that a "person commits the crime of assault in the second degree if[, w]ith intent to prevent a peace officer … from performing a lawful duty, he or she intends to cause physical injury and he or she causes physical injury to any person." As charged, resisting arrest was a lesser-included offense of second-degree assault:

> "Multiple convictions in a single proceeding for both a greater- and a lesser-included offense has been recognized as a double-jeopardy claim that implicates the trial court's jurisdiction. See Ex parte Benefield, 932 So. 2d 92 (Ala. 2005).

7

"....

"'(a) ... An offense is an included if:

"'(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged.

"'....

"'(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.'

"§ 13A-1-9, Ala. Code 1975.

"'In <u>Blockburger v. United States</u>, the Supreme Court of the United States enumerated the "same elements" test for determining whether two charges constitute the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment. 284 U.S. 299, 304 (1932). Under the <u>Blockburger</u> test, "where the <u>same act or transaction</u> constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. <u>Id</u>. (emphasis added). The United States Supreme

Court has also held "that a lesser included and a greater offense are the same under <u>Blockburger</u> ...." <u>Brown v. Ohio</u>, 432 U.S. 161, 166 n.6 (1977). See also <u>Perkinson v. State</u>, 273 Ga. 491, 494, 542 S.E.2d 92, 95 (2001) ("For double jeopardy purposes, a lesser-included and a greater offense are the 'same offense' under the Fifth Amendment because the lesser offense requires no proof beyond that which is required for the conviction of the greater offense.").'

"<u>Gholston v. State</u>, 57 So. 3d 178, 184 (Ala. Crim. App. 2010).

"… In <u>Crear [v. State</u>, 591 So. 2d 530 (Ala. Crim. App. 1991)], this Court found resisting arrest to be a lesser-included offense to third-degree assault as charged under § 13A-6-22(a)(4), Ala. Code 1975. Under § 13A-6-22(a)(4), a person commits third-degree assault if, 'with intent to prevent a peace officer from performing a lawful duty, he causes physical injury to any person.' The <u>Crear</u> court reasoned that both § 13A-1-9(a)(1) and (a)(4) were satisfied because '[r]esisting arrest is established, under the facts of this case, by fewer than all the facts required to establish subsection [13A-6-22](a)(4) assault, and it differs, under the facts of this case, from subsection [13A-6- 22](a)(4) assault only in that it contemplates a lesser injury or risk of injury to the peace officer.' 591 So. 2d at 534. This Court rejected the State's argument in <u>Crear</u> asserting that resisting arrest and third-degree assault were two different acts. This Court stated:

"'The problem with this argument is that the offenses charged in the indictments were assaults "with intent to prevent [the officers] from performing a lawful duty," and not other assault offenses. Compare § 13A-6-22(a)(1) ("A person

9

commits the crime of assault in the third degree if [w]ith intent to cause physical injury to another person, he causes physical injury to any person."). When the charged offense subsumes another crime as a lesser included offense, appellant's commission of any other uncharged crime is simply immaterial to the lesser included offense analysis.'

"Crear v. State, 591 So. 2d 530, 534 (Ala. Crim. App. 1991).

"… Therefore, as in Crear, both § 13A-1-9(a)(1) and (a)(4) were satisfied because resisting arrest was established, under the facts of this case, by fewer than all the facts required to establish second-degree assault under § 13A-6-21(a)(4), and it differs, under the facts of this case, from second-degree assault under § 13A-6-21(a)(4) only in that it contemplates a lesser injury or risk of injury to the peace officer."

T.D.F. v. State, 264 So. 3d 108 (Ala. Crim. App. 2018).

As in T.D.F., Hammock's convictions for resisting arrest and assault, as they are charged in this case, violate the prohibition against double jeopardy, and this cause is remanded to the circuit court with directions to vacate Hammock's resisting-arrest conviction and accompanying sentence. Hammock's remaining convictions are affirmed. The circuit court shall take all necessary steps to ensure that the return to remand is filed within 28 days of the date of this opinion.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Kellum, McCool, Cole, and Minor, JJ., concur.